IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KIM ALTON REED, JR.,

    Plaintiff,

v.                                                           Civil Action No. **3:20CV200**

**C. HARRIS,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia prisoner proceeding *pro se*, brings this 42 U.S.C. § 1983 action. The matter is before the Court on Reed's failure to serve Defendants Harris, Minter, Ngoule, and Smith within the time required by Federal Rule of Civil Procedure 4(m). Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff had 90 days from the filing of the Particularized Complaint to serve the Defendants. In this instance, that period commenced on November 2, 2020. (ECF No. 20.) More than 90 days have elapsed, and Plaintiff has not served Defendants Harris, Minter, Ngoule, or Smith.[1] By Memorandum Order entered on June 2, 2021,

---

[1] On November 19, 2020, the Marshal returned the summonses that were issued to Defendants Harris, Minter, Ngoule, Robinson, and Smith as unexecuted because those individuals were no longer employed at the address Plaintiff provided. (ECF No. 22-1, at 1–5.) Counsel for Defendant Hicks later provided the Court with the last known addresses for Defendants Harris, Minter, Robinson, and Smith under seal. (ECF No. 37.) Counsel for Defendant Hicks was unable to provide an address for Defendant Ngoule. (*Id.*) By Memorandum Order entered on March 4,

the Court directed Plaintiff, within eleven (11) days of entry thereof, to show good cause for his failure to serve these defendants within the time required by Rule 4(m). (ECF No. 57.)

Plaintiff filed a Motion for an Extension. (ECF No. 60.) Instead of demonstrating good cause for his failure to serve Defendants Harris, Minter, Ngoule, and Smith, as he was directed to do by the Court, Plaintiff states the following:

> Comes now Plaintiff, Kim Alton Reed, Jr., *pro se*, [to] respectfully ask this Honorable Court to grant myself an extension of time to:
> 1) obtain proper counsel for assisting in this matter;
> 2) obtain [a] private investigator to obtain proper information; [and,]
> 3) due to Covid virus and being incarcerated, VADOC has not been allowing any programs, school, or access to law library. Now, I am in a position to obtain certain information and would respectfully ask for 60 to 90 days to obtain counsel and to show why this action against Defendants Harris, Minter, Ngoule, and Smith should not be dismissed.

(*Id.* at 1 (capitalization, spelling, and punctuation corrected).)

District courts within the Fourth Circuit have found good cause to extend the ninety-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Leniency is especially appropriate when factors beyond the plaintiff's control frustrate his or her diligent efforts. *See McCollum v. GENCO Infrastructure Sols.*, No. 3:10CV210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing *T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D. W.Va. 1996)). Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant, *T & S Rentals*, 164 F.R.D. at 425

---

2021, the Court directed the Marshal to attempt to serve Defendants Harris, Minter, Robinson, and Smith a second time at the addresses provided by counsel for Defendant Hicks. (ECF No. 43.) Defendant Robinson was served. (ECF No. 50.) However, the Marshal again returned the summonses that were issued to Defendants Harris, Minter, and Smith as unexecuted. (ECF Nos. 49, 51, 55.)

2

(citing *Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 282 (N.D. Ga. 1982)), or stayed proceedings that delay the issuance of a summons. *McCollum*, 2010 WL 5100495, at *2 (citing *Robinson v. Fountainhead Title Grp. Corp.*, 447 F. Supp. 2d 478, 485 (D. Md. 2006)). However, "'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service' generally are insufficient to show good cause." *Venable*, 2007 WL 5145334, at *1 (quoting *Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D. W.Va. 1992)). While a court might take a plaintiff's *pro se* status into consideration when coming to a conclusion on good cause, *Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither *pro se* status nor incarceration alone constitute good cause. *Sewraz v. Long*, No. 3:08CV100, 2012 WL 214085, at *1–2 (E.D. Va. Jan. 24, 2012) (citations omitted).

Plaintiff, not the Court, the United States Marshals Service, or the attorneys for other parties, is responsible for providing the appropriate addresses for serving a Defendant. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (holding that prisoners proceeding *in forma pauperis* retain responsibility for providing address at which service can be effectuated); *see also Geter v. Horning Bros. Mgmt.*, 502 F. Supp. 2d 69, 70 n.3 (D.D.C. 2007) (advising that *in forma pauperis* status conveys the right to have court effect service only to the extent that the plaintiff provides a valid address).

Plaintiff has had over seven (7) months to serve Defendants Harris, Minter, Ngoule, and Smith. Plaintiff was free to solicit assistance from private counsel or a private investigator at any point during that period if he so desired. However, he has failed to demonstrate that he made any effort to do so. Indeed, Plaintiff has failed to identify any effort at all on his part to find current addresses for Defendants Harris, Minter, Ngoule, and Smith. Even though Plaintiff vaguely asserts that he is "now . . . in a position to obtain certain information" (ECF No. 60, at 1), he wholly

neglects to mention what that information may be, how it may be relevant to obtaining current addresses for service, or why he did not make diligent efforts to obtain it before now. Finally, while the Court appreciates that access to the law library and certain other prison resources may have been restricted in recent months, the Court fails to discern, and Plaintiff fails to explain, how the inability to access those resources has any bearing on Plaintiff's ability to identify current addresses for service.

Plaintiff has failed to demonstrate that he made a "reasonable, diligent effort[] to effect service on the defendant[s]." *Venable*, 2007 WL 5145334, at *1 (citation omitted) (internal quotation marks omitted). Plaintiff has also failed to demonstrate that he is likely to obtain current addresses for Defendants Harris, Minter, Ngoule, and Smith at any time in the near future. *Sewraz*, 2012 WL 214085, at *3 ("The court cannot countenance the bringing of an action . . . to languish on its docket until some indefinite future date when the plaintiff may actually be able to serve those defendants." (quoting *Villeneuve v. Connecticut*, No. 09–13–P–S, 2009 WL 1783540, at *2 (D. Me. June 22, 2009))). Thus, Plaintiff fails to demonstrate good cause to warrant any further extension of time to serve Defendants Harris, Minter, Ngoule, and Smith.

Accordingly, Plaintiff's Motion for an Extension (ECF No. 60) will be DENIED. All claims against Defendants Harris, Minter, Ngoule, and Smith will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

Date: 7 July 2021
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

4